FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   DEC 08 2014   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL BARONE,

                Plaintiff,

        -against-

S&N AUERBACH MANAGEMENT, INC.,

                Defendant.
------------------------------------------------------------X

12-CV-6101 (SJF)(SIL)

**OPINION & ORDER**

FEUERSTEIN, J.

On December 12, 2012, plaintiff Michael Barone ("plaintiff") commenced this employment discrimination action against defendant S&N Auerbach Management, Inc. ("defendant"), alleging that defendant discriminated against him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.* Defendant now moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. For the reasons stated herein, defendant's motion is granted.

I.      Background

    A.      Factual Background[1]

Plaintiff is a sixty (60) year old man who was employed by defendant as a Superintendent from 1973 until 1982, and as a General Manager from 1982 until his employment was terminated on or about May 9, 2012. (Complaint ["Compl."], ¶¶ 6, 11, 13). According to plaintiff, during the

---

[1] The facts are taken from the complaint and are assumed to be true for purposes of this motion only. They do not constitute findings of fact by the Court.

1

course of his employment he "maintained an excellent work record[,]" (Compl., ¶ 12), and "never received any written or verbal warnings, was never given any negative feedback regarding his work performance, [and] was never given any unsatisfactory reviews." (Compl., ¶ 16).

Plaintiff alleges that "occasionally" during the course of his employment, with the permission and consent of defendant's owner, (Compl., ¶¶ 17, 18), he would hire defendant's employees to work on his own personal renovations, and that "he was never reprimanded for doing so[.]" (Compl., ¶ 18).[2]

In or about April 2012, plaintiff hired several of defendant's employees to complete renovations at the home of one of his relatives. (Compl., ¶ 19). According to plaintiff, he told those employees "to perform the work after work hours and on weekends[,]" and defendant was aware of that project "and even allowed Plaintiff to order supplies through [it]." (Compl., ¶¶ 19, 20).

On or about May 7 and 8, 2012, two (2) of defendant's employees were unable to perform scheduled work for defendant in Suffolk County due to rain. (Compl., ¶ 21). Plaintiff asked those employees "to stop at his relative's home on their way back to the office since they were unable to complete their work task[,]" and those employees "spent approximately two (2) hours cleaning at [his] relative's home" on each of those days. (Compl., ¶ 22).

On or about May 9, 2012, defendant terminated plaintiff's employment "for allegedly using

---

[2] In his affidavit in opposition to defendant's motion, plaintiff avers, *inter alia*, that Harvey Auerbach ("Harvey"), defendant's principal at all relevant times, allowed him "to use employees on company time for [his] personal use if needed, as it was a rule by [] Harvey [] that if any employee needed help with anything on company time, to help each other, even if it was a non-related work issue * * *." (Plf. Aff., ¶ 17).

2

company employees." (Compl., ¶ 23).[3] Plaintiff alleges that "[s]ubsequent to [his] termination, [defendant] hired a thirty (30) year old male to perform most, if not all of [his] job duties, at a substantially reduced salary." (Compl., ¶ 24; see also id., ¶ 30).[4]

### B. Procedural History

On December 12, 2012, plaintiff, by counsel, filed a complaint against defendant alleging that defendant discriminated against him because of his age in violation of the ADEA (first cause of action) and the NYSHRL (second cause of action) and seeking, *inter alia*, an award of back pay; front pay; prejudgment interest; lost fringe benefits; compensatory, liquidated and punitive damages; costs; and attorney's fees.[5]

Defendant now moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings.

---

[3] In his affidavit in opposition to defendant's motion, plaintiff avers: (1) that his employment was terminated by Steven Auerbach ("Steven"), Harvey's son, "for using employees on company time for [his] personal use and for theft of materials for [his] personal use without paying for such[,]" (Plf. Aff., ¶ 19); and (2) that Steven also did not like him and did not want him "as a 'wedge between him and his sister Nancy[,]'" (id., ¶ 30; see also ¶¶ 31-32).

[4] In his affidavit in opposition to defendant's motion, plaintiff avers that prior to terminating his employment, Steven had hired that employee, Dan Wilkens ("Wilkens"), "who was in his early thirties[,] to work at his Townhouses in Coram, New York." (Plf. Aff., ¶ 18; see also id., ¶ 29).

[5] At the time plaintiff commenced this action, he was represented by counsel. However, by order dated November 12, 2013, the Honorable William D. Wall, former United States Magistrate Judge, granted the motion of plaintiff's counsel to withdraw. Accordingly, plaintiff is now proceeding *pro se* in this action.

II.  Discussion

   A.  Standard of Review

In deciding a Rule 12(c) motion, the same standard as applicable to a motion to dismiss under Rule 12(b)(6) is employed. See Alcantara v. Bakery and Confectionery Union and Indus. Int'l Pension Fund Pension Plan, 751 F.3d 71, 75 (2d Cir. 2014); Hogan v. Fischer, 738 F.3d 509, 514-15 (2d Cir. 2013). Thus, the standard of review on a motion made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); see also Hogan, 738 F.3d at 514; In re Thelen LLP, 736 F.3d 213, 218 (2d Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937; see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 730 (2d Cir. 2013).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

Twombly, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6) or Rule 12(c), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See In re September 11 Litig., 751 F.3d 86, 90 (2d Cir. 2014), cert. denied sub nom Cedar & Washington Assocs, LLC v. Port Auth. of N.Y. and N.J., No. 14-239, 14A25, 2014 WL 6724336 (Dec. 1, 2014); Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013); Butnick v. General Motors Corp., 472 F. App'x 80, 82 (2d Cir. July 11, 2012) (summary order). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937; see also Mirabilio v. Regional Sch. Dist. 16, 761 F.3d 212, 213 (2d Cir. 2014). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss [or for judgment on the pleadings] can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.; see also Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 87-88 (2d Cir. 2013), cert. denied, 134 S. Ct. 918, 187 L. Ed. 2d 781 (2014).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-1 (2d Cir. 2010); see also Pension Benefit, 712 F.3d at 729-30. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S. Ct. 1937.

The Court must limit itself to the facts alleged in the complaint, which are accepted as true;

5

to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also In re Thelen, 736 F.3d at 218. Accordingly, plaintiff's "Response to Defendant's First Set of Interrogatories" has been excluded from the Court's consideration of defendant's motion for judgment on the pleadings.

B.   Age Discrimination Claims

Age discrimination claims under the ADEA and NYSHRL are analyzed under the same standards. Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001); see also Tomassi v. Insignia Fin. Grp., Inc., 478 F.3d 111, 114 n. 3 (2d Cir. 2007).

"A *prima facie* case of age discrimination requires that plaintiffs demonstrate membership in a protected class, qualification for their position, an adverse employment action, and circumstances that support an inference of age discrimination." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 238 (2d Cir. 2007); see also Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119, 129 (2d Cir. 2012). For purposes of this motion, only the last element, i.e., whether plaintiff's employment was terminated under circumstances supporting an inference of age discrimination, is at issue.

"The *sine qua non* of a * * * discriminatory action claim * * * is that the discrimination must be *because of* [a protected characteristic]." Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (emphasis in original) (quotations and citation omitted); see also Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009) ("To establish a disparate treatment

6

claim under * * * the ADEA, * * * a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision.") "[W]hile a discrimination complaint need not allege facts establishing each element of a prima face case of discrimination to survive a motion to dismiss, * * * it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed * * *." Equal Emp't Opportunity Comm'n v. Port Auth. of N.Y. and N.J., 768 F.3d 247, 254 (2d Cir. 2014) (alterations, quotations and citations omitted); see also Maldonado v. George Weston Bakeries, 441 F. App'x 808, 808-09 (2d Cir. Dec. 19, 2011) (summary order) (holding that although a plaintiff is not required "to plead specific facts to show a *prima facie* case of discrimination[,] * * * dismissal is nevertheless appropriate where the plaintiff failed to allege even the basic elements of a discriminatory action claim."); Patane, 508 F.3d at 112 n. 3 (affirming dismissal where the plaintiff "failed to allege even the basic elements of a discriminatory action claim.")

The complaint alleges that defendant terminated plaintiff's employment "for allegedly using company employees[,]" (Compl., ¶ 23), after he twice directed two (2) of its employees to the home of one of his relatives to clean. The sole allegation upon which plaintiff bases his claim of age discrimination is that defendant subsequently "hired a thirty (30) year old male to perform most, if not all of [his] job duties, at a substantially reduced salary." (Compl., ¶ 24; see also id., ¶ 30). That allegation, alone, is insufficient to support an inference of age discrimination. See, e.g. Fagan v. New York State Electric & Gas Corp., 186 F.3d 127, 134 (2d Cir. 1999) ("The replacement of an older worker with a younger worker or workers does not itself prove unlawful discrimination."); Foster v. Humane Soc'y of Rochester and Monroe Cnty., Inc., 724 F. Supp. 2d 382, 391 (W.D.N.Y. 2010) (finding that an allegation that the plaintiff was replaced by a woman in

her early thirties, alone, "is not enough to give rise to an age discrimination claim."); Gundlach v. Int'l Bus. Machines Corp., No. 11-cv-846, 2012 WL 1520919, at * 6 (S.D.N.Y. May 1, 2012), aff'd on other grounds — F. App'x —, 2014 WL 5740944 (2d Cir. Nov. 6, 2014). (finding that an allegation that the plaintiff's work was divided among other personnel, at least one of whom was considerably younger than the plaintiff, after his employment was terminated was insufficient to state a plausible claim of age discrimination); Nance v. City of New York, No. 09-cv-2786, 2011 WL 2837491, at * 4 (E.D.N.Y. July 14, 2011) ("[A]n allegation that plaintiff was replaced by a younger employee is not sufficient, without more, to survive a motion to dismiss."); Zucker v. Five Towns College, No. 09-cv-4884, 2010 WL 3310698, at * 2 (E.D.N.Y. Aug. 18, 2010) ("[W]ithout actual facts suggesting discriminatory animus[,] * * * allegations that [the plaintiff] performed his job satisfactory [sic], and that the [defendant] then fired him and replaced him with someone younger, by themselves, fail to raise his right to relief above [a] speculative level." (fifth brackets in original; quotations and citation omitted)); Liburd v. Bronx Lebanon Hosp. Ctr., No. 07 Civ. 11316, 2008 WL 3861352, at * 6 (S.D.N.Y. Aug. 19, 2008) (finding that an allegation that the plaintiff was replaced by a younger employee, "without more, is not enough to survive a motion to dismiss.") "If it were, then any time an ADEA-covered employer terminated an employee over age forty, the employer would be unable to replace that employee with someone younger, without exposing itself to potential liability for age discrimination. That is not the law." Foster, 724 F. Supp. 2d at 391.

In his opposition to defendant's motion, plaintiff contends, *inter alia*, that defendant's allegations that he used its employees on company time and stole company materials for his own personal use are false and unsubstantiated and that he has witnesses who indicate that there was

always some personal animosity between Steven and himself. However, both the complaint and plaintiff's opposition to defendant's motion are bereft of any factual allegation from which it may reasonably be inferred that either Steven's animosity towards plaintiff, or his decision to terminate plaintiff's employment, was because of plaintiff's age. Accordingly, defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is granted and the complaint is dismissed in its entirety with prejudice for failure to state a claim for relief.[6]

III. Conclusion

For the reasons stated herein, defendant's motion seeking judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is granted and the complaint is dismissed in its entirety with prejudice for failure to state a claim for relief. The Clerk of the Court shall enter judgment in favor of defendant and close this case.

SO ORDERED.        s/ Sandra J. Feuerstein
                   _____
                   SANDRA J. FEUERSTEIN
                   United States District Judge

Dated: December 8, 2014
       Central Islip, N.Y.

---

[6] To the extent plaintiff contends that he has plausible causes of action for defamation and violations of the New York City Human Rights Law ("NYCHRL"), the complaint, which was drafted by his former counsel, does not assert such causes of action. To the extent plaintiff seeks leave to amend his complaint to assert such causes of action, since the sole federal cause of action is dismissed with prejudice, I decline to exercise supplemental jurisdiction over any such state law claims.