FILED
CLERK
8/19/2015 2:47 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL BARONE,

        Plaintiff,

   -against-

S&N AUERBACH MANAGEMENT, INC.,

        Defendant.
----------------------------------------------------------------X

12-CV-6101 (SJF)(SIL)

**OPINION & ORDER**

FEUERSTEIN, J.

      On December 12, 2012, plaintiff Michael Barone ("plaintiff") commenced this employment discrimination action against defendant S&N Auerbach Management, Inc. ("defendant"), alleging that defendant discriminated against him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq*. By order dated December 8, 2014 ("the Dismissal Order"), I granted defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and dismissed the complaint in its entirely with prejudice for failure to state a claim for relief. Judgment was entered in favor of defendant on December 11, 2014. Pending before me are plaintiff's *pro se* motions seeking (1) my recusal from this action pursuant to 28 U.S.C. § 455(a) ("the recusal motion"); and (2) reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure of (a) the Dismissal Order[1], and (b) a summary order, entered December 23, 2013 ("the Summary

---

[1] Although plaintiff actually seeks reconsideration of the final judgment dated December 10, 2014, and entered December 11, 2014, since he is proceeding *pro se*, I construe his motion as seeking reconsideration of the underlying Dismissal Order upon which the final judgment is based.

1

Order"), denying plaintiff's first motion for reconsideration without prejudice for failure to comply with Rule 4 of my individual rules. For the reasons set forth below, plaintiff's recusal motion is denied and plaintiff's motion for reconsideration of the Dismissal Order and Summary Order is granted but, upon reconsideration, I adhere to my original determinations therein.

I.  DISCUSSION

   A.  Recusal Motion

Plaintiff seeks my recusal in this case on the basis that I have "financial investments and receive[] dividends and interest from entities that Jackson Lewis represents, who also represent the defendants [sic] in this case. i.e., New York State Comp. Fund. HSBC, Citi Bank, etc." (Plaintiff's Memorandum of Law in Support of Recusal ["Plf. Recusal Mem."] at 2). According to plaintiff, my alleged impartiality in this case is demonstrated, *inter alia*, by the denial of his motion to disqualify Jackson Lewis, P.C. ("Jackson Lewis") as defendant's counsel in this case[2]; a comment that I purportedly made during a status conference in response to his request to stay the proceedings pending a decision by Magistrate Judge Wall on his motion for reconsideration

---

[2] Since my individual rules provide, in pertinent part, that, with exceptions not relevant here, all non-dispositive motions are to be considered referred to the magistrate judge assigned to the case, the Honorable William D. Wall, former United States Magistrate Judge, denied plaintiff's motion to disqualify Jackson Lewis by order dated May 2, 2014. By order dated June 16, 2014, Magistrate Judge Wall denied plaintiff's motion seeking his reconsideration of the May 2, 2014 order. As plaintiff never filed any objections to either of those orders pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, there is no basis to attribute the denial of the motion to disqualify to me.

of the order denying his motion to disqualify Jackson Lewis[3]; my failure to mention an affidavit, and consider other evidence, he submitted in opposition to defendant's motion for judgment on the pleadings in the Dismissal Order; my purported failure to allow the Honorable Steven I. Locke, United States Magistrate Judge, to issue a report and recommendation on defendant's motion for judgment on the pleadings upon the reassignment of this case to him[4]; and my determination in the Dismissal Order to grant defendant's motion for judgment on the pleadings and dismiss plaintiff's claims in their entirety with prejudice for failure to state a claim for relief. With respect to the latter contention, plaintiff contends, *inter alia*, that my determination in the Dismissal Order was erroneous because it conflicts with Rule 8 of the Federal Rules of Civil Procedure; failed to "consider a mixed motive theory of discrimination based upon the evidence [he] submitted," (Plf. Mem. at 3); was rendered "without one piece of evidence [being] submitted by the named defendants [sic] * * *," (id.); and failed to afford him an opportunity to amend the complaint.

28 U.S.C. § 455(a) requires a judge to recuse herself if her "impartiality might reasonably

---

[3] By order dated January 13, 2014, I granted plaintiff's application to stay the briefing schedule on defendant's 12(c) motion pending Magistrate Judge Wall's determination of his motion to disqualify Jackson Lewis. Accordingly, the proceedings had already been stayed for a period of approximately four (4) months, i.e., until May 2, 2014, at the time plaintiff requested a further stay of the proceedings pending Judge Wall's determination of his motion for reconsideration.

[4] Magistrate Judge Locke was assigned to this case by the Clerk of the Court following the retirement of Magistrate Judge Wall. I never referred defendant's motion for judgment on the pleadings to either magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure; nor was I required to do so. Thus, Magistrate Judge Locke was never going to issue a report and recommendation on plaintiff's motion for judgment on the pleadings, as he did not have the authority to do so.

3

be questioned." See Cox v. Onondaga Cnty. Sheriff's Dep't, 760 F.3d 139, 150 (2d Cir. 2014); S.E.C. v. Razmilovic, 738 F.3d 14, 29 (2d Cir. 2013). "Under the statute, recusal is required in specific contexts * * * as provided for in Section 455(b) and also wherever, 'an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal.'" Cox, 760 F.3d at 150 (quoting U.S. v. Yousef, 327 F.3d 56, 169 (2d Cir.2003) (internal quotations and alterations omitted)). The test under Section 455(a) "deals exclusively with appearances. Its purpose is the protection of the public's confidence in the impartiality of the judiciary." U.S. v. Amico, 486 F.3d 764, 775 (2d Cir. 2007); see also Cox, 760 F.3d at 150 ("The pertinent trigger for recusal is the appearance of partiality[.]" (quotations and citation omitted)); ISC Holding AG v. Nobel Biocare Finance AG, 688 F.3d 98, 107 (2d Cir. 2012) (holding that Section 455(a) "is to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." (emphasis, quotations and citation omitted)). The "central focus is on whether [the] allegations [of bias or partiality], when coupled with the judge's rulings on and conduct regarding them, would lead the public reasonably to believe that [the judge's bias or partiality] affected the manner in which he presided." Amico, 486 F.3d at 775; see also In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008). The question is, thus: "[w]ould a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or, phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" Amico, 486 F.3d at 775 (quoting U.S. v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992)); see also Razmilovic, 738 F.3d at 29 ("[T]he question is whether

4

an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality * * *." (citations omitted)).

"Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir.2009) (citing Liteky v. United States, 510 U.S. 540, 544, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)); see also Razmilovic, 738 F.3d at 29 ("To be disqualifying under Section 455, the alleged bias and prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case." (emphasis, alterations, quotations and citations omitted)); United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (holding that recusals pursuant to Section 455(a) are commonly limited to those circumstances in which the alleged partiality stems from an extrajudicial source). "Bias or prejudice connotes an unfavorable opinion that is somehow wrongful or inappropriate because it is undeserved, rests on knowledge one ought not to possess, or is excessive." Groden v. Random House, Inc., 61 F.3d 1045, 1053 (2d Cir. 1995) (internal quotations and citation omitted). "[R]ecusal is not warranted where the only challenged conduct consists of judicial rulings, routine trial administration efforts, and ordinary admonishments to counsel and to witnesses, where the conduct occurs during judicial proceedings, and where the judge neither (1) relies upon knowledge acquired outside such proceedings nor (2) displays deep-seated and unequivocal antagonism that would render fair judgment impossible." Razmilovic, 738 F.3d at 29-30 (alterations, quotations and citations omitted).

5

Plaintiff cites to no support for his apparent contention that a federal judge must recuse herself from any action in which a law firm representing one (1) of the parties therein represents an entity in which the judge has a financial interest in another case. Logically, plaintiff's contention is without merit, as federal judges cannot be, and are not, expected to know all of the clients of every lawyer and law firm that appears before him or her, nor all of the law firms and lawyers who represent any entity in which he or she has a financial interest. In fact, the recusal statue expressly provides when a federal judge must disqualify herself based upon a "financial interest," defined to mean, with certain exceptions set forth therein, "ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs *of a party*[.]" 28 U.S.C. § 455(d)(4) (emphasis added). Specifically, the recusal statute provides, in relevant part, that a federal judge shall disqualify himself where "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter of the controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). None of those situations are present here.

Thus, disregarding plaintiff's meritless contention regarding Jackson Lewis's legal representation in other cases of entities in which I may have a financial interest, he essentially seeks my recusal from this action based only upon one (1) unfavorable decision rendered by me, i.e., the Dismissal Order, with which he disagrees for various reasons, and one (1) stray comment made by me, upon denying his request to further stay the proceedings pending a determination by Magistrate Judge Wall of his motion for reconsideration of the order denying his motion to

6

disqualify Jackson Lewis, suggesting that the motion for reconsideration would likely not be successful. However, my decision to grant defendant's motion for judgment on the pleadings does not evidence my bias or partiality against plaintiff, but only my disagreement with his contentions advanced in opposition to that motion. Appeal, not recusal, is the appropriate remedy for unfavorable rulings and/or outcomes in a proceeding. Since no objective observer would be led to question my impartiality in this proceeding based upon one (1) unfavorable decision I rendered against plaintiff, and one (1) stray comment I made, upon denying plaintiff's application to further stay the proceedings that had already been stayed for approximately four (4) months at his request, suggesting that Magistrate Judge Wall likely would not grant plaintiff's motion seeking reconsideration of the order denying his motion to disqualify Jackson Lewis, his motion seeking my recusal from this action is denied.

B. Reconsideration Motion

1. Standard of Review

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3 [of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York]." U.S. v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y. 11362, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp.

Inc., 70 F.3d 255, 257 (2d Cir. 1995); accord Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

Generally, reconsideration will not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, see Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. Aug. 13, 2008) (summary order) (holding that motions for reconsideration "are not vehicles for taking a second bite at the apple * * * and [the court] [should] not consider facts not in the record to be facts that [it] 'overlooked'" (internal quotations and citation omitted)); In re Facebook, Inc., IPO Sec. & Derivative Litig., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) ("A party seeking reconsideration may * * * no[t] "advance new facts, issues or arguments not previously presented to the Court." (quotations and citation omitted)); Redd v. New York State Div. of Parole, 923 F. Supp. 2d 393, 396 (E.D.N.Y. 2013) (holding that on a motion for reconsideration, the moving party must "demonstrate that any available factual matters * * * were presented to the court on the underlying motion" (quotations and citations omitted)); (2) advances new arguments or issues that could have been raised on the original motion, Analytical Surveys, 684 F.3d at 52 (holding that reconsideration "is not a vehicle for * * * presenting the case under new theories, securing a rehearing on the merits, or otherwise taking

8

a 'second bite at the apple'" (quotations and citation omitted)); Norton v. Town of Brookhaven, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014) ("[A]rguments raised for the first time on reconsideration are not proper grounds for reconsideration."); Redd, 923 F. Supp. 2d at 396 ("A motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion * * *" (quotations and citations omitted)); or (3) "seeks solely to relitigate an issue already decided," Shrader, 70 F.3d at 257; see also Analytical Surveys, 684 F.3d at 52 (holding that reconsideration "is not a vehicle for relitigating old issues * * *" (quotations and citation omitted)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See Gupta v. Attorney Gen. of United States, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014); Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

2. The Dismissal Order

Plaintiff contends, *inter alia*, that my determination in the Dismissal Order was erroneous because it deprived him of his due process rights; conflicted with Rule 8 of the Federal Rules of Civil Procedure; failed to "consider mixed motives theory of discrimination based upon the evidence [he] submitted and no evidence submitted by defendants [sic][,]" (Plaintiff's Notice of Motion for Reconsideration at 1), and to "entertain [an] important piece of evidence," i.e., an affidavit from Robert A. Franzese, that he submitted in opposition to defendant's motion, (Plaintiff's Memorandum in Support of Motion for Reconsideration ["Plf. Mem."], ¶ 7); failed to

9

consider his *pro se* status in dismissing his complaint with prejudice and not granting him leave to file an amended complaint; ignored his request for leave to file a sur-reply; and found "that an allegation that [he] was replaced by a younger employee, without more, is not enough to survive a motion to dismiss," (id., ¶ 12). As plaintiff is claiming, in essence, a need to correct clear errors in the Dismissal Order, his motion for reconsideration is granted. However, upon reconsideration, I adhere to my original determinations in the Dismissal Order and Summary Order.

Contrary to plaintiff's contention, the Dismissal Order did not violate Rule 8 of the Federal Rules of Civil Procedure by purportedly requiring him to allege specific facts establishing a *prima facie* case of discrimination. In fact, the Dismissal Order expressly held, in relevant part, that "[w]hile a discrimination complaint need not allege facts establishing each element of a prima face case of discrimination to survive a motion to dismiss, * * * it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed * * *." (Dismissal Order at 7) (quoting Equal Emp't Opportunity Comm'n v. Port Auth. of N.Y. and N.J., 768 F.3d 247, 254 (2d Cir. 2014) (alterations, quotations and citations omitted)). The Dismissal Order then properly found that since the factual allegations in the complaint were insufficient to support an inference that defendant discriminated against plaintiff because of his age, it failed to state a plausible claim for relief under federal and state law.

Nor was it error for me to exclude the evidence submitted by plaintiff from my consideration of defendant's motion for judgment on the pleadings, or to fail to look adversely

upon defendant's failure to produce any evidence in support of its motion. In fact, defendant properly relied upon only the factual allegations in plaintiff's complaint in moving for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, see Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002), and it was not error for me to exclude from my consideration of that motion all extrinsic evidence proffered by plaintiff in opposition thereto. See Amaker v. Weiner, 179 F.3d 48, 50-51 (2d Cir. 1999) (rejecting the plaintiff's contention, "that [] the district court was obliged [by former Rule 12(b) (current Rule 12(d))] to convert the motions to dismiss to motions for summary judgment because an affidavit was attached to one of the motions" on the basis, *inter alia*, that "attachment of an affidavit or exhibit to a Rule 12(b)(6) [or Rule 12(c)] motion * * * does not without more establish that conversion is required."); Fonte v. Board of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988) ("Rule 12(b) [now Rule 12(d)] gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) [or Rule 12(c)] motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.")

Plaintiff's contention that I failed to consider his *pro se* status in declining to grant him leave to amend the complaint, as in Qureshi v. Nassau Bd. of Coop. Educ. Servs., No. 11-cv-2444 (E.D.N.Y. Apr. 23, 2012), another case involving a *pro se* plaintiff, is without merit. In Qureshi, the complaint was drafted by the *pro se* plaintiff and, thus, was "held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.

Ct. 285, 50 L. Ed. 2d 251 (1976) (quotations and citation omitted). Moreover, "[a] *pro se* complaint * * * should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quotations, brackets and citation omitted); accord J.S. v. T'Kach, 714 F.3d 99, 103 (2d Cir. 2013). Unlike Qureshi, the complaint in this case was drafted by counsel on plaintiff's behalf. Thus, the sufficiency of the complaint was properly evaluated under the more stringent standard applicable to complaints drafted by lawyers, cf. Lerman v. Board of Elections in City of New York, 232 F.3d 135, 140 (2d Cir. 2000) (evaluating the sufficiency of the complaint using the less stringent standard applicable to *pro se* plaintiffs because, although appearing through counsel on appeal, their complaint initially was filed in the District Court *pro se*), and there was no reason to believe that plaintiff, as a layman, would be able to draft a *pro se* complaint asserting a plausible claim for relief when his able counsel could not do so. In any event, based upon the factual allegations in the complaint, it did not appear that plaintiff would be able to state a plausible claim of age discrimination and, thus, any amendment to the complaint would be futile. See Grullon v. City of New Haven, 720 F.3d 133, 139-40 (2d Cir. 2013).

Moreover, I did not err in failing to grant plaintiff's request for leave to submit a sur-reply, particularly since my individual rules regarding motion practice expressly provide that "[n]o rebuttal, sur-reply, etc., shall be accepted," and plaintiff did not provide a sufficient reason for me to depart from that rule.

Furthermore, plaintiff has not demonstrated any controlling decisions or data that I

overlooked, see Shrader, 70 F.3d at 257, in finding that his allegation that defendant "hired a thirty (30) year old male to perform most, if not all of [his] job duties, at a substantially reduced salary" following the termination of plaintiff's employment, (Compl., ¶ 24; see also id., ¶ 30), was, "alone, [] insufficient to support an inference of age discrimination[,]" (Order at 7) (citing cases), particularly in light of other allegations in the complaint, *inter alia*, that defendant terminated plaintiff's employment "for allegedly using company employees[,]" (Compl., ¶ 23), after he twice directed two (2) of its employees to the home of one of his relatives to clean during work hours. (Compl., ¶¶ 21-22).

Since plaintiff has not demonstrated that there is any error in the Dismissal Order, nor that I overlooked any matters that might reasonably be expected to alter the conclusion reached therein, I adhere to my original determination in the Dismissal Order.

   3.  The Summary Order

Since plaintiff did not comply with my individual rules for motion practice in filing his first motion for reconsideration, e.g., it was not filed as a fully-briefed motion pursuant to Rule 4 of my individual rules, there is no clear error in, or manifest injustice resulting from, the Summary Order, particularly since my individual rules clearly provide that a failure to abide thereby "shall result in the motion being terminated without prejudice * * *"[5] and plaintiff was

---

[5] A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is considered to be a dispositive motion. Cf. In re Brown, 409 F. App'x 591, 592-93 (3d Cir. Jan. 21, 2011) (*per curiam* opinion) (holding that a magistrate judge could not decide a Rule 59(e) motion absent the parties' consent pursuant to 28 U.S.C. § 636(c) since 28 U.S.C. § 636(b)(1) only authorizes magistrate judges to recommend dispositions of, but not decide, dispositive motions).

13

able to, and did, re-file the instant motion for reconsideration. Since plaintiff has not demonstrated that there is any error in, or manifest injustice resulting from, the Summary Order, nor that I overlooked any matters that might reasonably be expected to alter the conclusion reached therein, I adhere to my original determination in the Summary Order.

III.    Conclusion

For the reasons stated herein, plaintiff's motion seeking my recusal from this action pursuant to 28 U.S.C. § 455(a) is denied and his motion for reconsideration of the Dismissal Order and Summary Order is granted but, upon reconsideration, I adhere to my original determinations therein.

SO ORDERED.

_____/s/_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated:  August 19, 2015
        Central Islip, N.Y.